## VAN RHEENEN v. VEENSTRA.

1. **Will:** CONSTRUCTION OF. Where a will provided a bequest to the eldest son of a certain sum, "being the inheritance of his mother, deceased," and in subsequent clauses provided that in the event of re-marriage of the wife she should have half the estate, the remainder to be divided among the children equally, share and share alike, *held*, that the first bequest to the son was absolute and not affected by the other conditions of the will.

*Appeal from Marion Circuit Court.*

FRIDAY, MARCH 22.

ON the 30th day of July, 1866, Gerritt Van Rheenen made his last will and testament. The following is a copy of the bequests therein contained:

"Second. I give and decree to my son John Van Rheenen the sum of three hundred dollars ($300) without interest, being the inheritance of his mother, deceased, which sum of three hundred dollars shall remain in my estate until his majority, after that time said sum shall be paid to my said son John Van Rheenen without defalcation or discount.

"Third. I give and devise all the rest, residue and remainder of my estate so real as personal property, of what nature or kind soever, to my beloved wife Ann Van Rheenen, to be used and enjoyed by her during the term of her natural life, with full power and authority to sell, transfer or convey the personal property as she may think proper.

"Fourth. In case my widow should marry again, I give, devise and bequeath to my said wife the undivided half of all my property, so real as personal, with full power and authority to sell and convey the same.

"Fifth. In case of a second marriage I give, devise and bequeath the other undivided half of my estate aforesaid to my child or children, to be divided amongst them equally, share and share alike, as soon as either of them shall have attained their majority."

This will was duly admitted to probate, and in November, 1876, the administrator reported $900 in his hands for distribution.

An order was made requiring the administrator to give notice to the parties in interest that he would, at the next term of the court, apply to said court for a construction of the will.

At the next term, all the parties having appeared. the following record entry and construction of said will was made. "It is agreed by the parties, and properly shown to the court, that since the death of the testator, Gerritt Van Rheenen, and the probate of his will, his widow, Ann Van Rheenen, has re-married, she being now the wife of John Veenstra, and that said John Van Rheenen attained his majority on the 11th day of December, 1876.

"That at the time of the decease of the testator, viz: August 11, 1866, he left him surviving Ann Van Rheenen, his widow, John, his child by a former marriage, and Henry J., William

and Gerritje (daughter) as his children, the issue of his last marriage, and all of whom still survive.

"And the court, being sufficiently advised in the premises, orders and construes the will as follows, viz:

"I. That by the second and third clause of the will the testator intended to dispose of his entire estate as therein provided, only on condition that his widow should not re-marry.

"II. That in case his widow should re-marry, then the testator intended that the second and third clauses should be inoperative, and in that event his entire estate should be disposed of as provided by the fourth and fifth clauses, viz: One-half of his entire estate to his widow, Ann, absolutely, and the other half to his children, share and share alike.

"It is therefore ordered that the administrator distribute of the funds in his hands one-half of the entire sum to Ann Veenstra, to-wit: The sum of $426.25.

"That he pay the one-fourth ($\frac{1}{4}$) of the other half, to-wit: The sum of $106.56, to John Van Rheenen.

"That he pay the balance, to-wit: The sum of $319.69, to Kuindert Van Klootwyk, guardian of said Henry J., William and Gerritje, for their use and benefit, share and share alike, and on filing proper vouchers therefor the administrator will be discharged and his sureties released."

John Van Rheenen excepted to this construction of the will and order of distribution, and he appeals.

*Bousquet & Ryan,* for appellant.

*Curtis & Gesman,* for appellee.

ROTHROCK, CH. J.—Adjudicated cases aid but little in the construction of wills, because it rarely occurs that any two instruments of this character can be found couched in the same language, or two cases where the situation of the parties and the surrounding circumstances are identical. The intention of the testator, gathered from the instrument itself, as well as from his relation to the parties, the family arrangements, and other proper sources, is the object to be attained in all questions of this character.

1. WILL: construction of.

We cannot escape the conclusion that by this will the father intended that his son John should have three hundred dollars absolutely. He gives a reason why he should make this bequest; that it was " the inheritance of his mother, deceased." He recognized the portion brought to him by his deceased wife, and the justice of setting it apart to her son, and he directs that it should be paid to him without defalcation or discount.

By the use of the words " inheritance of his mother, deceased," he shows that he did not regard the $300 as belonging to his estate proper. It is true in the third division he uses the words, "rest, residue and remainder of my estate," but in the fourth division he omits the particular and guarded form of expression, and speaks of all his property. This, we think, should be held to mean all his property left after the devise of $300 to John. It is true the fourth and fifth clause may be construed as embracing all his property, including the bequest to John, and they are later provisions, but these considerations, we think, are overcome by the peculiar reason given for the bequest to John, and the absolute manner in which it is made.

REVERSED.